STEVEN UNDERWOOD
Price, Heneveld, Cooper, Dewitt & Litton, LLP
695 Kenmoor, S.E.
P.O. Box 2567
Grand Rapids, MI 49501
Telephone: (616) 949-9610
Facsimile: (616) 957-8196
sunderwood@priceheneveld.com
*(Admitted Pro Hac Vice)*

LEIGH GODDARD, NV Bar No. 6315
McDonald Carano Wilson, LLP
P.O. Box 2670
Reno, NV 89505-2670
Telephone: (775) 788-2000
Facsimile: (775) 788-2020
lgoddard@mcdonaldcarano.com

Attorneys for Defendant
SPEC International, Inc.

UNITED STATE DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PATENT RIGHTS PROTECTION GROUP, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>VIDEO GAMING TECHNOLOGIES, INC., a Tennessee corporation and SPEC INTERNATIONAL, INC., a Michigan corporation,<br><br>Defendants. | Case No. 2:08-cv-00662-JCM-LRL<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY** |

WHEREAS, the parties, Plaintiff Patent Rights Protection Group, LLC, and Defendants Video Gaming Technologies, Inc. and Spec International, Inc., and non-parties may, during the course of this action, be required to disclose trade secrets and other confidential research, development, marketing, or proprietary commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, the parties have, through counsel, stipulated and agreed to entry of this Protective Order pursuant to Rule 26(c) to prevent unnecessary disclosure or dissemination of such confidential information;

IT IS HEREBY ORDERED that the following provisions of this Order shall govern and control the disclosure, dissemination, and use of information in this action.

1. This Order shall govern the production, use, and disclosure of confidential documents and information produced, used, or disclosed in connection with these actions and designated in accordance with this Order.

2. Any party, non-party, or third-party disclosing information (hereinafter "Disclosing Party") may designate information or documents produced, used, or disclosed in connection with this action ("Discovery Material") as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" and subject to the protections and requirements of this Order, if so designated in writing to each party, by stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" on the documents or information prior to production, or orally if recorded as part of a deposition or court record, pursuant to the terms of this Order. In designating Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY," counsel for a Disclosing Party will make such designation only as to that information that he or she in good faith believes to be "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" as defined in Paragraphs 2.a. or 2.b. of this Order.

   a. "CONFIDENTIAL" means trade secrets, other confidential, non-public and proprietary technical information, including, research, or development information, patent applications, trademark applications, commercial, financial, budgeting and/or accounting information, information about existing customers, marketing studies, performance and

projections, business strategies, decisions and/or negotiations, personnel compensation, evaluations and other employment information, as well as confidential and proprietary information about affiliate, parents, subsidiaries and third parties with whom the parties to this action have or have had business relationships which a producing party in good faith so designates because of its view that the information or any information derived therefrom contains or reflect trade secrets, or other confidential research, development, or commercial information. The "CONFIDENTIAL" category shall be invoked by a disclosing party only relative to documents or categories of documents that contain confidential information that legitimately falls within the definition of protectable documents under Fed. R. Civ. P. 26(c).

      b.    "CONFIDENTIAL" information may be further restricted by an "ATTORNEY EYES ONLY" designation. Designation of "CONFIDENTIAL" information with the further restriction of "ATTORNEY EYES ONLY" shall be limited to information and documents that contain or refer to trade secrets or other confidential or technical research, development, business, or financial information that, if disclosed to a business competitor, may tend to damage the Disclosing Party's competitive position.

      3.    The designation of Discovery Material in the form of documents, responses to requests for admission and interrogatories, responses to subpoenas or other tangible materials (including, without limitation, electronically stored information) other than depositions or other pretrial testimony as "CONFIDENTIAL", or "CONFIDENTIAL ATTORNEY EYES ONLY", shall be made by the Designating Party in the following manner:

      a.    Documents designated "CONFIDENTIAL" shall be so marked by conspicuously affixing the legend "CONFIDENTIAL" on each page containing any confidential information (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies. Such designated Discovery Material shall also

be identified by Bates number. To the extent practical, the "CONFIDENTIAL" legend shall be placed near the Bates number;

    b.  Documents designated "CONFIDENTIAL ATTORNEY EYES ONLY" shall be so marked by conspicuously affixing the legend "CONFIDENTIAL ATTORNEY EYES ONLY" on each page containing any counsel eyes only information (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies. Such designated Discovery Material shall also be identified by Bates number. To the extent practical, the "CONFIDENTIAL ATTORNEY EYES ONLY" legend shall be placed near the Bates number;

    c.  If a document has more than one designation, the more restrictive or higher confidential designation applies.

    d.  As to those documents that are produced for examination for the purposes of allowing opposing counsel to determine which of those documents opposing counsel desires copies, those documents shall be treated as "CONFIDENTIAL ATTORNEY EYES ONLY" pursuant to this Order, whether or not marked, until copies of the documents are requested and produced, at which time the produced documents and information therein shall be held pursuant to this Order based upon the designation, if any, marked upon the documents by the disclosing party.

    e.  Documents printed out from any electronic medium marked with "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" shall be marked by the printing party with the same designation as the electronic medium from which they are printed.

    f.  To the extent electronically stored information or other material cannot physically be labeled "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY,"

the parties will identify the material with sufficient specificity to put parties and others subject to this Order on notice as to the confidential nature or such material.

4. Information conveyed or discussed in testimony at a deposition or a court hearing shall be subject to this Order provided it is designated "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" orally or in writing either at the time the testimony is given or after receipt by the parties of the transcript. During such time as any information or documents designated "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" are disclosed in a deposition, any party shall have the right to exclude from attendance at the deposition any person who is not entitled to receive such information or documents pursuant to this Order. Unless counsel for a party states otherwise on the record, the entire deposition transcript for each deponent in this action and the information contained therein is to be treated as "CONFIDENTIAL ATTORNEY EYES ONLY" for a period of time not to exceed 30 days after the party receives a copy of the deposition transcript, during which time the party may designate, in writing, specific portions of the transcript "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" as appropriate. If the party fails to designate in writing any portions of the transcript as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" within the 30-day period, the other parties shall be permitted to use the transcript and the information contained therein with no restrictions of confidentiality subject to the provisions of Paragraph 5 below.

5. Subject to the provisions of Paragraphs 2 and 3, the failure to designate information or documents as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" in accordance with this Order and the failure to object to such a designation shall not preclude a party at a later time from subsequently designating or objecting to the designation of such information or documents as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY

EYES ONLY." The parties understand and acknowledge that failure of a party to designate information or documents as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" relieves the receiving party of obligations of confidentiality until such a designation is made, except as otherwise provided herein. If any Disclosure or Discovery Material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the Disclosure or Discovery Material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the Disclosure or Discovery Material is treated in accordance with the provisions of this Stipulated Protective Order. Within five (5) days of receipt of the substitute copies of Disclosure or Discovery Material, the Receiving Party shall return the previously undesignated Disclosure or Discovery Material and all copies thereof.

6. A party that objects to the designation of any document or information as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" shall provide written notice of the objection to the designating party. The notice shall state with specificity the document objected to and the basis for the objection. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with Counsel for the Designating Party. In conferring, the challenging Party must explain the basis for such challenging Party's belief that the confidentiality designation was not proper, must give the Designating Party an opportunity to review the designated Disclosure or Discovery Material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. If the dispute cannot be resolved, the objecting party may move the Court requesting that the document(s) in question be redesignated. If such motion is brought by the objecting party, the Designating Party shall

bear the burden of establishing the confidentiality of the document(s) in question. No party shall be under any obligation to object to any designation of confidentiality at the time such designation is made, or any time thereafter. No party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such a designation at any time thereafter.

       7.     Other than by the Disclosing Party, any information or document designated as "CONFIDENTIAL" shall be used solely in connection with the action and shall not be used in any other manner by a Receiving Party. Any such designated information or documents shall not be disclosed to anyone other than:

       a.     the Court and court personnel;

       b.     court reporters taking testimony in these actions and their necessary stenographic, videographic, and clerical personnel;

       c.     counsel directly representing the parties in this action and such counsel's employees, and third-party copy or document management vendors;

       d.     no more than a total of two (2) directors, officers or employees of each Party, as agreed upon by counsel solely for purposes of the Action, who shall, prior to receiving such disclosure, be furnished with a copy of this Order and shall execute a Declaration in the form of Exhibit A attached hereto, confirming that he/she has read and understands the provisions of this Order and agrees to be bound hereby ("Designated Employees"). The access of Designated Employees to documents designated "CONFIDENTIAL" shall be limited to the opposing party's information contained within deposition transcripts and exhibits thereto, written discovery, documents produced by any party, and documents filed with the Court, including exhibits thereto;

    e.  counsel directly representing the parties in matters relating to the preparation, prosecution and/or perfection of patent rights, including patent rights before the United States Patent and Trademark Office;

    f.  testifying experts, investigators, consulting experts, advisors, jury consultants, and mock jury members that are not presently employees of a party, provided, however, that before any such person is shown or receives any information or document designated as "CONFIDENTIAL," he or she must execute a Declaration in the form of Exhibit A attached hereto and the procedures of Paragraph 8.b. shall be followed;

    g.  persons testifying in depositions or court proceedings (including, without limitation, persons preparing to testify in such depositions or court proceedings) to the extent the "CONFIDENTIAL" document or information was authored by, addressed to, or received by the person or party testifying; and

    h.  such other persons as the parties may designate in writing by stipulation or orally agree upon on the record at a deposition in these actions, provided, however, that before such person is shown or receives any information or document designated as "CONFIDENTIAL" he or she must (1) execute a Declaration in the form of Exhibit A attached hereto or (2) agree orally on the record at a deposition in these actions to be bound by the terms of this Order, and further provided that any documents designated as "CONFIDENTIAL" shall not be left in the possession of the person subject to this subparagraph "g", except as may be required by Fed. R. Civ. P. 30 or unless the person otherwise qualifies for access to such documents pursuant to this Order.

  8.  a. Disclosure of information designated "CONFIDENTIAL ATTORNEY EYES ONLY" shall be limited to the persons identified in paragraph 7 above but shall exclude those individuals identified in paragraph 7(d) and 7(e). Access to information designated as "CONFI-

DENTIAL ATTORNEY EYES ONLY" (*e.g.*, source code, etc.) may be limited by restricting the time, place, and manner of inspection, the number of copies allowed, and the format of production (*e.g.*, paper, electronic, executable code, etc.).

(b) A Party desiring to disclose any Discovery Material designated as "CONFIDENTIAL – ATTORNEY EYES ONLY" to an expert pursuant to Paragraph 7.f. shall first obtain from the expert an executed Declaration in the form of Exhibit A attached hereto. A copy of (i) the executed Declaration, (ii) the identification of the expert and his/her current employment and employer, and (iii) an identification of the items to be produced to the expert, shall be served upon counsel for the Producing Party. The Producing Party shall then have five (5) business days to serve a written objection to said disclosure. Any written objection shall state with specificity the reason(s) for such objection. If counsel for the Producing Party objects within five (5) business days, there shall be no disclosure of the objected-to Discovery Material to such expert, except by agreement of the Parties or by Order of the Court. If an objection to disclosure is made within the five-day period, counsel for the parties shall meet and confer with regard to the objection. If an agreement cannot be reached, counsel for the Party making the objection shall file (by the end of the fifth business day following the meet and confer) a Motion with the Court setting forth the good cause reason(s) for the objection, and counsel for the objecting Party shall bear the burden of demonstrating why disclosure to the expert should be precluded.

9.   This Order shall apply equally to documents and information produced by non-Parties to this action pursuant to subpoena or other disclosure. A non-Party may designate documents or information as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" pursuant to this Order. A non-Party that makes original documents or information available for inspection and review need not designate such documents or materials for

protection until after the inspecting Party has indicated which documents or material such inspecting Party would like copied and produced. During the inspection and before the designation, all of the documents or material made available for inspection shall be deemed "CONFIDENTIAL ATTORNEY EYES ONLY." After the inspecting Party has identified the documents or materials such inspecting Party wants copied and produced, the inspecting Party must determine which documents or materials, or portions thereof, qualify for protection under this Order. Before producing the specified documents or materials the inspecting Party must affix the appropriate legend ("CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the inspecting Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY").

10. A party seeking to file any paper or other matter in any civil case designated "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" shall seek to file the paper or other matter under seal, pursuant to the Court's Local Rules, unless the designating parties authorizes, in writing, filing not under seal.

11. Any person in possession of "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" information shall exercise reasonably appropriate care with regard to the storage, custody or use of such "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" information in order to ensure that the confidential or highly confidential nature of the same is maintained.

12. If "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" information is disclosed to anyone other than in a manner authorized by this Protective Order,

the party responsible for such disclosure must: (a) immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party of the "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" information; (b) retrieve such "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" information, or, where the information is not retrievable, certify that it has been lost or destroyed and that no copies are within the possession, custody, or control of unauthorized recipients of the information, documents, or materials; and (c) prevent further disclosure.

13. Unless otherwise permitted herein, within sixty (60) days after the final disposition of the action, including all appeals therefrom, all documents (originals and copies) designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" and all excerpts therefrom in the possession, custody, or control of parties (other than the Disclosing Party), and experts, investigators, advisors, or consultants shall be destroyed or returned to counsel for the Disclosing Party. Outside Counsel for parties other than the Disclosing Party may retain one copy of each document, pleading, trial exhibit, deposition exhibit, work product, and transcript embodying documents or information designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" for archival purposes only, but shall destroy or return all additional copies of such documents, pleadings, trial exhibits, deposition exhibits, work product, and transcripts. Upon request, the parties and their counsel shall separately provide written certification to the Disclosing Party within sixty (60) days after the final disposition of these actions that the actions required by the paragraph have been completed.

14. The Court shall retain jurisdiction over the parties for the purpose of ensuring compliance with this Order and granting such amendments, modifications, and additions to this Order and such other and further relief as may be necessary, and any party may apply to the

Court at any time for an amendment, modification, or addition to this Order. This Order shall survive the final disposition of the action, by judgment, dismissal, settlement, or otherwise.

15. A party in receipt of documents or information designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" hereunder who is required to disclose the document or information pursuant to any law, regulation, order, or rule of any governmental authority, shall give immediate advance notice within two (2) business days, to the extent possible, or, if not possible, shall give notice as soon as possible thereafter, of any such requested or actual disclosure in writing to the counsel of the other parties to afford the parties the opportunity to seek legal protection from or otherwise limit the disclosure of such information or documents.

16. Any violation of the terms of this Protective Order shall be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court. The foregoing remedies shall be in addition to any other common law or statutory relief available for violation of the terms of this Protective Order.

17. Neither this Order nor any stipulation therefore, nor any disclosure or use of information or documents, in whatever form, pursuant to this Order, shall be deemed an admission, waiver, or agreement by any party that any information or documents designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" hereunder is or is not a trade secret or confidential information for purposes of determining the merits of any claims any party may have against one another or a third party. Neither this Order nor any stipulation therefore shall be deemed to expand the scope of discovery in these actions beyond the limits otherwise prescribed by law, nor to enlarge the scope of discovery to matters unrelated to these actions.

18. Inadvertent production of documents subject to work product immunity or the attorney-client privilege or any other privilege or immunity shall not constitute a waiver of the immunity or privilege; provided that the Disclosing Party notifies the receiving party in writing via facsimile or email, with confirmation by first-class mail, of such inadvertent production immediately upon learning of same. Such inadvertently produced documents, and all copies thereof, shall be returned to the disclosing party upon request within five (5) business days except that, if the receiving party intends to request that the Court order the production of any such inadvertently produced documents, it may retain one copy of the document for such purpose and if so, notify the disclosing party promptly. The receiving party must return such inadvertently produced documents if the receiving party does not request such relief from the Court within a reasonable time period not to exceed 20 days, unless the parties are engaged in good faith discussions regarding the documents or if the Court denies any such relief, whichever is longer, and no use may be made of such documents thereafter. Nothing in this Protective Order shall prevent the receiving party from requesting that the Court order the production of any such inadvertently produced documents. Nothing in this Protective Order prevents any party from petitioning the Court for return of later discovered, inadvertently produced documents that are subject to work product immunity or attorney-client privilege.

19. Nothing in the Order shall be construed to affect the admissibility of any document, material, or information at any trial or hearing; any request for confidentiality, closure, or sealing of any hearing or trial must be made to the judge then presiding over this action. A party intending to introduce confidential information or documentation at any hearing

///

///

///

or trial in this action will approach the bench for a ruling on how the information or documentation is to be treated.

**IT IS SO ORDERED:**

Date: __10-21-10__                        /s/ Leavitt

_____
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of September, 2010.

| WEIDE & MILLER, LTD. | SANTORO, DRIGGS, WALCH, KEARNEY, HOLLEY & THOMPSON |
|---|---|
| /s/ Mark Borghese | /s/ James D. Boyle |
| R. SCOTT WEIDE | JAMES D. BOYLE |
| Nevada Bar No. 05541 | Nevada Bar No. 08384 |
| MARK BORGHESE | 400 South Fourth Street, 3rd Floor |
| Nevada Bar No. 06231 | Las Vegas, NV 89101 |
| 7241 W. Lake Mead Blvd., Ste 530 | |
| Las Vegas, NV 89128 | Attorneys for Defendant VIDEO GAMING TECHNOLOGIES, INC. |
| Attorneys for Plaintiff PATENT RIGHTS PROTECTION GROUP, LLC | |

McDONALD CARANO WILSON

LEIGH T. GODDARD
Nevada Bar No. 06315
100 West Liberty Street, 10th Floor
P.O. Box 2670
Reno, NV 89505-2670

PRICE, HENEVELD, COOPER, DEWITT & LITTON, LLC

/s/ Steven L. Underwood
Steven L. Underwood
Admitted Pro Hac Vice
P,O, Box 2567
Grand Rapids, Michigan 49501

Attorneys for Defendant SPEC INTERNATIONAL, INC.

# EXHIBIT A

UNITED STATE DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PATENT RIGHTS PROTECTION GROUP, LLC, a Nevada limited liability company,<br><br>                           Plaintiff,<br><br>vs.<br><br>VIDEO GAMING TECHNOLOGIES, INC., a Tennessee corporation and SPEC INTERNATIONAL, INC., a Michigan corporation,<br><br>                           Defendants. | Case No. 2:08-cv-00662-JCM-LRL<br><br>**DECLARATION OF**<br>_____ |

I, _____, declare as follows:

1. My address is _____.

2. If I am an expert, a copy of my curriculum vitae is attached.

3. My present employer is _____.

4. My present occupation or job description is _____.

5. I have received a copy of the Stipulated Protective Order Regarding Confidentiality entered in these actions on _____.

7. I have carefully read and understood the provisions of the Stipulated Protective Order Regarding Confidentiality.

8. I will comply with all of the provisions of the Stipulated Protective Order Regarding Confidentiality.

9. I will hold in confidence, not to disclose to anyone not designated in the Stipulated Protective Order Regarding Confidentiality, and will use only for the purposes of assisting in the resolution of disputes between the parties to these actions, any information or documents designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY."

10. I will return all documents designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" that may come into my possession, and documents or things which I may prepare relating thereto, to counsel for the party who disclosed or furnished such documents to me promptly upon the request of counsel for all parties or, if applicable, upon the request of counsel by whom I have been retained, or upon the conclusion of these actions.

11. I hereby submit to the jurisdiction of this Court for the purposes of enforcement against me of the terms of the Stipulated Protective Order Regarding Confidentiality and of the terms of this Declaration.

12. I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ in _____.

_____
(signature)