JOHN H. QUINN III, ESQ.
Nevada Bar No. 10722
R. DOUGLAS KURDZIEL, ESQ.
Nevada Bar No. 04658
ARMSTRONG TEASDALE LLP
317 South 6th Street
Las Vegas, Nevada 89101
Telephone: 702.678.5070
Facsimile: 702.878.9995
Email: jquinn@armstrongteasdale.com
Email: dkurdziel@armstrongteasdale.com

JAMES D. BOYLE, ESQ.
Nevada Bar No. 08384
E. DEREK JAMISON, ESQ.
Nevada Bar No. 11613
SANTORO, DRIGGS, WALCH,
KEARNEY, HOLLEY & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:    7021791-0308
Facsimile: 7   021791-1912
Email:    jboyle@nevadafirm.com
Email:    illamison@nevadafirm.com

*Attorneys for Video Gaming Technologies, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PATENT RIGHTS PROTECTION GROUP LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>VIDEO GAMING TECHNOLOGIES, INC., a Tennessee corporation; and SPEC INTERNATIONAL, INC., a Michigan corporation,<br><br>Defendants. | CASE NO.: 2:08-cv-00662-JCM-LRL<br><br>**VGT'S ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS**<br><br>**(DEMAND FOR JURY TRIAL)** |

Defendant Video Gaming Technologies, Inc., a Tennessee corporation ("VGT"), hereby responds to the Amended Complaint of Patent Rights Protect Group, LLC ("PRPG") as follows:

**JURISDICTION AND VENUE**

1.  Admits that PRPG alleges acts that would arise under the Patent Laws of the United States, but denies that a claim exists against VGT.

2. VGT admits that it does attend trade shows in Nevada, but denies the remaining allegations in this paragraph.

3. Denies.

## THE PARTIES

4. Admits, on information and belief, that PRPG is a Nevada limited liability company, but lacks knowledge of the remaining allegations in this paragraph and, therefore, denies same.

5. Admits that VGT is a Tennessee corporation and denies other allegations in this paragraph not specifically admitted herein.

6. Upon information and belief, VGT believes SPEC International is a Michigan corporation which manufacturers, offers for sale, sells and/or uses custom cabinets for various applications, but is unable to admit or deny the remaining allegations in this paragraph and therefore VGT denies those allegations.

## FIRST CLAIM FOR RELIEF

7. VGT repeats and re-alleges each and every response to the allegations set forth in paragraphs 1 – 6 above. VGT further states that there is only one claim for relief.

8. Denies.

9. Denies that VGT infringes, and further denies that there was any intentionally, knowing, willful or deliberate act without justification.

10. Denies.

11. Denies.

12. VGT denies that it infringes and therefore denies that any injunction is necessary or any injury is occurring.

13. Denies.

14. Denies.

## AFFIRMATIVE DEFENSES

1. VGT has not infringed nor is it infringing any valid claims of the patents in suit either literally or under the doctrine of equivalents.

2. The patents in suit U.S. Patent No. 6,475,087 and U.S. Patent No. 6,860,814,

respectively the "'087 Patent" and the "'814 Patent") are invalid, in whole or in part, for failure to meet at least one of the requirements of patentability set forth in 35 U.S.C. §§101, 102, 103, and/or 112.

3. Plaintiff is estopped by its previous conduct from asserting that any accused product infringes the '087 or the '814 patents.

4. Plaintiff's claim is barred by laches.

5. Plaintiff's claim is barred by Plaintiff's patent misuse.

## OTHER DEFENSES

1. Plaintiff's Amended Complaint is barred in whole and in part because it fails to state a claim upon which relief can be granted.

2. The Court lacks personal jurisdiction over VGT in the District of Nevada.

3. The District of Nevada is an improper venue for this action.

WHEREFORE, VGT requests that the Court deny Plaintiff all of its relief demanded in its Amended Complaint, and additionally requests that the Court award VGT the relief requested in its counterclaims, including costs and attorneys fees and other relief the Court deems justified entering in the circumstances.

## COUNTERCLAIMS

1. VGT incorporates by reference all of the allegations and averments of its Answer and Affirmative Defenses and Other Defenses, as fully set forth herein.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of these Counterclaims pursuant to 28 U.S.C. §§ 2201 and 2202, and 28 U.S.C. §§ 1331, 1332, 1338(a) and 1367. Venue is based on 28 U.S.C. §§ 1391(b) and (c).

## THE PARTIES

3. VGT is a Tennessee corporation, having its principal place of business at 155 Franklin Road, Brentwood, Tennessee 37027.

4. Upon information and belief, PRPG is a Nevada limited liability company, having a place of business at 251 West Lake Mead Blvd., Suite 530, Las Vegas, NV 89128.

5. On information and belief, this Court has personal jurisdiction over PRPG in this District.

6. Based upon the Court's denial of VGT's motion to dismiss for personal jurisdiction and venue for the claims asserted in PRPG's Complaint, venue is proper for these Counterclaims under 28 U.S.C. § 1391(b) and (c).

## BACKGROUND

7. In approximately October 1998, representatives of SPEC International and VGT met and developed a gaming machine cabinet containing a flat screen monitor built into the openable door of the gaming machine, the feature contended by PRPG to be the principal area of innovation or point of novelty of the patents-in-suit.

8. The development of said gaming machine cabinet in 1998 included development of a door assembly for a gaming machine with an LCD display incorporated into the door that was offered for sale as early as January 21, 1999, and was, in fact, bought by VGT from SPEC on February 25, 1999. The door assembly was promptly incorporated into a functional gaming machine by VGT upon its receipt by VGT, following the design work included, at least, in technical drawings of a gaming machine dated February 4, 1999.

9. The critical date for the patents-in-suit, under 35 U.S.C. § 102(b), is March 3, 1999, one year before the priority date of the patents-in-suit, U.S. Patent Nos. 6,475,087 and 6,860,814.

10. Each of the foresaid dates relating to the development, design, offer for sale, and actual sale between SPEC and VGT predate the critical date for the patents-in-suit and the foregoing transaction anticipates or renders the patents-in-suit obvious under the "on sale" bar.

11. PRPG alleges that it is the assignee of the '087 and '814 patents and alleges that it holds all rights, title, and interest in the patents-in-suit (see DKT. 8, ¶4).

12. Upon information and belief, on June 30, 2005, PRPG advised SPEC of the patents-in-suit and advised SPEC to take a license to the patents-in-suit.

13. Upon information and belief, SPEC responded on September 27, 2005, advising PRPG that the patents -in-suit were invalid.

14. Upon information and belief, between at least July 26, 2005 and October 3, 2005,

Joseph Cole, a representative of PRPG, and an attorney for PRPG had more than seven (7) telephone conversations regarding the invalidity of the patents-in-suit with Lee Terpstra, a representative of SPEC.

15. Upon information and belief, during these telephone conversations, Mr. Terpstra explained and described the circumstances stated above, namely that SPEC had sold one or more door assemblies for products that PRPG accused of infringing the patents-in-suit more than one year prior to the priority filing date of the patents-in-suit, and he told PRPG and Mr. Cole that SPEC had evidence to support those facts including drawings, invoices and written descriptions, clearly and convincingly demonstrating that at least the door assembly of SPEC's accused cabinet had been on sale before the critical date of the patents-in-suit.

16. Upon information and belief, upon having these communications with SPEC, PRPG did nothing until 2008, and SPEC considered the matter closed, and relying on the further inaction of PRPG.

17. On May 21, 2008, PRPG sued VGT and two other customers of SPEC's accused cabinets, Nova Gaming, LLC and Cadillac Jack, Inc., for infringement of the patents-in-suit in three (3) separate actions in Nevada.

18. Upon being served with PRPG's lawsuits, VGT communicated with SPEC, and SPEC provided copies of the documents which demonstrated the invalidity of the patents-in-suit to VGT and the other two customers. Upon information and belief, at least Nova Gaming, LLC provided the referenced invalidity documents to PRPG.

19. Upon information and belief, in June 28, 2008, correspondence from Nova Gaming, Inc., PRPG was given evidence that clearly and convincingly show that the claims of the patents-in-suit were anticipated or rendered obvious by SPEC's prior sale of at least a door assembly of the accused cabinets to Video Gaming Technologies, another SPEC customer.

20. Despite PRPG's knowledge that the patents-in-suit were invalid, PRPG persisted with its prosecution of this infringement suit, which was objectively baseless in that PRPG could not reasonably or realistically expect success on the merits of its claims.

///

**FIRST CLAIM FOR RELIEF**

21. VGT repeats and realleges the allegations of paragraphs 1- 20 above, as though fully set forth herein.

22. This is an action for declaratory judgment of invalidity and/or unenforceability which arises under 28 U.S.C. §§ 2201 and 2202, and under 35 U.S.C. §§ 101, *et seq.*

23. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a).

24. A justiciable controversy exists between VGT and PRPG with respect to the invalidity and/or unenforceability of the '087 Patent because PRPG has charged VGT with infringement of said patent in the underlying lawsuit.

25. The claims of the '087 Patent are invalid for failure to meet at least one of the requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

26. The actions and assertions made by PRPG against VGT that it is infringing the '087 Patent has caused and will continue to cause injury to VGT.

**SECOND CLAIM FOR RELIEF**

27. VGT repeats and realleges the allegations of each of the paragraphs 1-20 above, as though fully set forth herein.

28. A justiciable controversy exists between VGT and PRPG with respect to the invalidity and/or unenforceability of the '814 Patent because PRPG has charged VGT with infringement of said patent in the underlying lawsuit.

29. The claims of the '814 Patent are invalid for failure to meet at least one of the requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

30. The actions and assertions made by PRPG that VGT infringes the '814 Patent has caused and will continue to cause injury to VGT.

**THIRD CLAIM FOR RELIEF**

31. VGT repeats and realleges the allegations of each of paragraphs 1-20 above, as though fully set forth herein.

32. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§

2201, 2202, 1332, and 1367.

33.     Upon information and belief, PRPG, at all times after at least October 2005, knew or should have known that a flat screen monitor built into the door of a gaming machine were on sale more than one (1) year before the priority filing date of the patents-in-suit, rendering the same invalid.

34.     In spite of this knowledge by PRPG that its patents-in-suit were invalid, PRPG has persisted with its baseless allegations that its patents are valid, and has sued and continues to harass VGT.

35.     These allegations are false and the underlying lawsuit is and has been objectively baseless and an attempt to interfere directly with the business relationships between VGT and its customers, and have been made in bad faith.

36.     The foregoing statements and acts by PRPG constitute false or misleading descriptions of fact or false or misleading representations in fact of violation of § 43(a) of the Lanham Act, 16 U.S.C. § 1125(a), and Tennessee common law.

37.     Upon information and belief, PRPG's wrongful conduct has been willful and was specifically undertaken for the purpose of injury to VGT and for the benefit of PRPG.

38.     The foregoing has caused serious and irreparable injury to VGT for which there is no adequate remedy at law.

**PRAYER FOR RELIEF**

VGT respectfully requests that this Court:

A.      Dismiss PRPG's Amended Complaint with prejudice and enter judgment in VGT's favor on each of every count asserted therein and on each count of VGT's Counterclaims;

B.      Enter an Order declaring that the claims of the '087 and '814 patents are invalid;

C.      Enter an Order declaring that VGT has not infringed any valid claim of the '087 or '814 patents, and declare that VGT is not liable for any acts of infringement, contributory infringement, or inducing infringement of the '087 and '814 patents;

D.      Enter an Order declaring that the foregoing alleged acts of PRPG are unlawful;

E.   Enter an Order declaring that PRPG, its officers, agents and affiliates be preliminarily and presently enjoined from continuing to make false statements to suppliers, customers, or prospective customers of VGT and false statements relating to VGT's products and commercial activities;

F.   Enter an Order declaring that VGT be awarded actual damages resulting from PRPG's wrongful acts, together with costs;

G.   Enter an Order declaring that VGT be awarded PRPG's profits accruing as a result of the wrongful conduct, the damages sustained by VGT, and the costs of this action, and that such award of damages be trebled in view of PRPG's willful conduct;

H.   Find this case to be exceptional and award VGT its costs, expenses, and attorneys' fees under 35 U.S.C. § 285; and

I.   Grant VGT such other and further relief as may be deemed just, equitable, and appropriate, including monetary damages.

## DEMAND FOR JURY TRIAL

VGT hereby demands a trial by jury as to all issues so triable.

Dated this 3rd day of March, 2011.

**ARMSTRONG TEASDALE LLP**

/s/
JOHN H. QUINN III, ESQ.
R. DOUGLAS KURDZIEL, ESQ.
317 South Sixth Street
Las Vegas, Nevada  89101

*Attorneys for Video Gaming Technologies, Inc.*

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I certify that on the 3rd day of March, 2011, I caused the document entitled **DEFENDANT VIDEO GAMING TECHNOLOGIES, INC.'S ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS,** to be served as follows:

| Attorneys of Record | Parties Represented | Method of Service |
|---|---|---|
| R. Scott Weide, Esq.<br>Mark Borghese, Esq.<br>Weide & Miller Ltd.<br>7251 West Lake Mead Blvd., Suite 530<br>Las Vegas, Nevada 89128 | Patent Rights Protection Group, LLC | ☐ Personal Service<br>■ Email/E-File<br>☐ Fax Service<br>■ Mail Service |
| Leigh T. Goddard, Esq.<br>McDonald Carano Wilson LLP<br>100 West Liberty, Tenth Floor<br>Reno, Nevada 89501<br><br>Steven L. Underwood, Esq.<br>Aaron J. Wong, Esq.<br>P.O. Box 2567<br>Grand Rapids, Michigan 49501<br><br>*Admitted Pro Hac Vice* | Spec International, Inc. | ☐ Personal Service<br>■ Email/E-File<br>☐ Fax Service<br>■ Mail Service |

DATED this 3rd day of March, 2011.

*/s/ [signature]*